<u>Settlement Agreement & Release</u>

The Parties to this Settlement Agreement and Release ("Agreement") are Daniel Novin, Stewart Swander, Timothy Butler, Reid Begnoche, Dustin Brown, Jeffrey Erker, Sam Klumpers, Gary Gray, Christopher Johnston, Joseph Perea, Brian Reis, Mark Zip, Patrick Mooney, David Howze, Scott McCollam, Matt Carville, Ricky Scott, Michael Migliaccio, Keith Wahl, William Roberts, and Froilan Garma ("Plaintiffs"), both individually and as the putative Fed. R. Civ. P. 23 class action members (the "Rule 23 Class"), and Johnson Controls, Inc. ("JCI").

<u>Recitals</u>

WHEREAS, Plaintiffs filed an action in the United States District Court for the Eastern District of Wisconsin entitled *Daniel Novin et al. v. Johnson Controls, Inc.*, Case No. 24-CV-0046 (referred to hereinafter as ("the Lawsuit"), alleging that JCI's cancellation of backlog commissions arising under sales plans applicable to JCI's fiscal year 2023 ("FY23") and earlier fiscal years when it implemented the FY24 Sales Plan, constituted a breach of contract, breach of the implied duty of good faith and fair dealing and constituted unjust enrichment and therefore violated Plaintiffs' and the putative class members' rights under state employment and wage laws.

WHEREAS, JCI denies the allegations in the Lawsuit and denies any and all liability to Plaintiffs and the Rule 23 Class.

WHEREAS, the Parties have fully briefed JCI's Motion to Dismiss, which was set to be argued on August 7, 2025;

WHEREAS, the Parties, in the months leading up to August 7, 2025 began a dialogue about potential resolution. As part of this process, the parties engaged a highly experienced mediator, Deborah Haude. As part of the mediation, JCI provided substantial data and information relevant to Plaintiffs' allegations to Plaintiffs' Counsel, HKM Employment Attorneys, LLP and Hawks Quindel, S.C. (hereinafter "Class Counsel"), and, after a detailed analysis of the data, Class Counsel created and provided a damages model to JCI's Counsel as part of settlement discussions. On July 24, 2025, the Parties engaged in a full day of mediation with JAMS Mediator, Deborah Gage Haude and continued to work toward a resolution in the following days. After a week of prolonged and difficult negotiations, the Parties agreed upon a total settlement fund to provide compensation for the alleged unpaid commission wages ("backlog") to Plaintiffs and the Rule 23 Class.

WHEREAS, Class Counsel has represented Plaintiffs and negotiated with JCI at arm's length throughout this matter to ensure that Plaintiffs and Rule 23

Class receive value in fair compromise for their claims to backlog commissions arising under prior fiscal years' sales commission plans that JCI cancelled when it implemented the FY24 Sales Plan.

WHEREAS, this Agreement resolves bona fide disputes arising out of JCI's implementation of the FY24 Commission Sales Plan, including unpaid backlog commissions and potential state penalties attributable to JCI's implementation of the FY24 Sales Plan and JCI's cancellation of backlog commissions under Sales Plans for FY23 and earlier fiscal years.

WHEREAS, subject to approval by the Court, the Parties have reached a binding agreement to settle this matter upon the terms and conditions set forth herein.

WHEREAS, the Parties desire to resolve this matter on a class-wide basis and avoid the costs, risks, and delays associated with continued litigation.

NOW, THEREFORE, in consideration of the mutual promises contained herein and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties do hereby settle, compromise, and resolve any and all claims, as specified herein on the following terms:

## I.  General Terms of Settlement

A.  The Parties agree to cooperate and take all steps necessary and appropriate to obtain final approval of their settlement from the Court, to effectuate its terms and to cause the Lawsuit to be dismissed with prejudice.

B.  The Parties acknowledge and will represent to the Court that this Agreement is fair, adequate, and reasonable.

C.  The Parties agree to stipulate to the "Rule 23 Class," as defined in Section IV.B., below.

D.  In exchange for the release of the claims and other promises contained herein, JCI will, in accordance with the manner, timing, and amounts provided in Section III, make payments in an amount not to exceed Seventeen Million, Five Hundred Thousand Dollars ($17,500,000.00).

E.  Plaintiffs understand and acknowledge that, although JCI is entering into this Agreement and making the payments hereunder, JCI does not admit any wrongdoing or breach of contract or duty or violation of any Federal or State statute or regulation of any kind, including those

2

cited in the Lawsuit and Section II.A below, and expressly denies the same.

F.      The term "Participating Class Member" shall mean an individual who is within the Stipulated Rule 23 Class described in Section IV(B) and who does not affirmatively exclude himself or herself pursuant to Section V(B)(4) and thus becomes bound by the Agreement and every order and judgment entered pursuant to the Agreement.

G.      The term "Non-Participating Class Member" shall mean any individual who is within the Stipulated Rule 23 Class but has excluded himself or herself pursuant to Section V(B)(4).

## II.     Release of Claims, Acknowledgments, and Agreement to Cooperate

### A. Release of Claims.

As of the Date of Final Approval and entry of final judgment by the Court pursuant to this Agreement, Participating Class Members (including Class Representatives) their respective heirs, executors, administrators, beneficiaries, predecessors, successors, attorneys, assigns, agents and/or representatives release JCI and JCI's predecessors, successors, as well as their current, former and future subsidiaries, affiliates, fiduciaries, owners, partners, insurers, agents, employees, assigns, subrogees, privies, officers, officials, directors, administrators, attorneys and shareholders ("Released Parties") from any and all claims, actions, demands, causes of action, suits, debts, obligations, damages, rights or liabilities, of any nature and description whatsoever, known or unknown arising out of JCI's implementation of the FY24 Sales Plan, including but not limited to claims for backlogs, claims for unpaid or cancelled sales commissions under any sales or commission plan that applied in JCI's FY2023 or earlier years, unpaid and future bridge payments under the BSNA Sales Bridge Payment Plan ("Bridge Payment Plan"), claims for interest, costs and attorneys' fees arising under any contract or plan, including any commission or existing bridge payment plan or agreement, under any federal, state, or local statute, ordinance, or regulation, or under common law.

With respect to any Participating Class Member who also participated in the Bridge Payment Plan, and whose claims for future bridge payments are released upon entry of final judgment pursuant to the above paragraph, JCI shall release such Participating Class Member from all obligations under the Bridge Payment Plan.

### B. Acknowledgments and Agreement to Cooperate.

3

Plaintiffs acknowledge and agree that the amounts payable pursuant to this Agreement resolve a bona fide dispute regarding the payment of unpaid backlog commissions, bridge payments under the Bridge Payment Plan, liquidated damages, civil penalties, compensatory and punitive damages, and related legal fees and costs. Plaintiffs further agree that this settlement represents fair and reasonable compensation for backlog commissions, inclusive of any claim for liquidated damages, punitive damages, treble damages, penalties or multipliers. Plaintiffs further acknowledge and agree that they have been given sufficient time to read this Agreement and its attached Exhibits A-D prior to their execution of it, understand the terms of these documents, and have consulted with Class Counsel to the extent they desired to do so about the legal effects of this Agreement. Finally, Plaintiffs agree to direct Class Counsel to take any action necessary to ensure that the terms of this Agreement are fully carried out and authorize Class Counsel to work cooperatively with JCI and its attorneys to seek judicial approval of this Agreement and prepare the court-required pleadings.

## III. Settlement Payments

### A. Settlement Fund.

As consideration for the releases in Section II above, JCI shall pay Seventeen Million, Five Hundred Thousand Dollars ($17,5000,000.00) (the "Settlement Fund"). This Settlement Fund is inclusive of all wages and compensation alleged to be due to Plaintiffs and the Rule 23 Class in the Lawsuit; attorneys' fees and costs; liquidated, punitive or treble damages; civil penalties; and service payments to Plaintiffs. If this Agreement is not approved by the Court, JCI will not have any obligation to pay or provide any portion of the Settlement Fund, the releases in Section II will not be effectuated, and this matter will move forward in litigation.

### B. Overview of Allocation of the Settlement Fund.

1. **Service Payments.** $147,000.00 (.84%) of the Settlement Fund shall be allocated as service payments to the Plaintiffs and paid out in accordance with the payment schedule in Section III.C., in recognition of their bringing this claim, provision of detailed information regarding the factual support for the claims, participating in multiple sessions with Class Counsel during the Motion to Dismiss briefing stage, their insistence that the matter be resolved on a class-wide basis, and the assistance they

4

provided Class Counsel in bringing this matter to resolution,
including extensive involvement in the settlement process. The
service payments shall be allocated as follows:

     i.   Daniel Novin: $7,000.00
    ii.   Stewart Swander: $7,000.00
   iii.   Timothy Butler: $7,000.00
   iv.   Reid Begnoche: $7,000.00
    v.   Dustin Brown: $7,000.00
   vi.   Jeffrey Erker: $7,000.00
   vii.   Sam Klumpers: $7,000.00
  viii.   Gary Gray: $7,000.00
   ix.   Christopher Johnston: $7,000.00
    x.   Joseph Perea: $7,000.00
   xi.   Brian Reis: $7,000.00
   xii.   Mark Zip: $7,000.00
  xiii.   Patrick Mooney: $7,000.00
  xiv.   David Howze: $7,000.00
   xv.   Scott McCollam: $7,000.00
  xvi.   Matt Carville: $7,000.00
  xvii.   Ricky Scott: $7,000.00
 xviii.   Michael Migliaccio: $7,000.00
  xix.   Keith Wahl: $7,000.00
   xx.   William Roberts: $7,000.00
  xxi.   Froilan Garma: $7,000.00

The Administrator will issue IRS Forms 1099 to Plaintiffs for these
service payments.  Plaintiffs agree that they will indemnify and hold
JCI harmless from and against any local, state, or federal tax
liabilities, claims, demands, suits, losses, damages, costs, and expenses
(including attorneys' fees and costs) arising out of the payments of the
amounts specified in this Section III.B.1.)

2.    **Attorneys' fees and costs.**  30%of the Settlement Fund shall be
allocated as attorneys' fees and costs and paid out in accordance
with the payment schedule in Section III.C. Costs include an
allocation toward payment to the Administrator for its services
administering this settlement. Class Counsel will move the
Court for an award of attorneys' fees and costs not later than
seven (7) days before the scheduled fairness hearing. However, if
the Court approves an amount for attorneys' fees and costs that
is less than is sought by Plaintiff's Counsel, the remainder will
be distributed to the Participating Class Members. Further, an
award by the court of attorneys' fees and costs in an amount less

5

than that sought by Plaintiffs' Counsel shall not be a basis for Plaintiffs to revoke the settlement.

3. **Contingency and Ongoing Cost Fund.** $50,000.00 of the Settlement Fund shall be held in a reserve fund to address any issues and/or pay for additional costs that may arise in the administration of this Agreement. Class Counsel will provide to JCI's Counsel, within twenty-one (21) calendar days immediately following the closing of the Notice period, a revised Exhibit A, which will include any unused portion from this reserve fund reallocated to the Class Settlement Fund on a pro-rata basis.

4. **Class Settlement Fund.** The remaining portion of the Settlement Fund, $12,053,000 shall be allocated and distributed in the amounts listed on Exhibit A and according to the payment schedule in Section III.C, which include a minimum payment to each Participating Class Member of at least $300.00. For tax purposes, each payment shall constitute unpaid commission payments (wages) and shall be subject to regular payroll withholdings. The Administrator will report the unpaid commissions portion to each member of the Rule 23 Class on an IRS Form W2.

## C. Settlement Fund Payment Schedule.

Within forty-five (45) days of the Court's order finally approving the settlement, JCI shall pay a total of $17,500,000.00 to be allocated as follows:

a. $50,000.00 for the Contingency and Ongoing Cost Fund as described in Section III.B.3;
b. $12,053,000.00 for the Class Settlement Fund;
c. $147,000.00 for service payments as described in Section III.B.1; and
d. $5,250,000.00 for attorneys' fees and costs as described in Section III.B.2.

At the same time, JCI shall also provide to the Administrator an amount equal to the employer share of FICA and similar payroll taxes, as calculated by the Administrator, as provided in Section V(C)(3).

## IV. Settlement Approval Process

### A. Interim Stay of Proceeding.

The Parties have agreed to hold all proceedings in the Lawsuit, except such proceedings necessary to implement and complete the settlement, in abeyance pending the Final Fairness Hearing to be conducted by the Court.

### B. Stipulation to Certification of the Rule 23 Class.

The Parties agree to stipulate to Fed. R. Civ. P. 23 class certification of the following Class:

> All individuals, as listed on Exhibit A, who were employed by Defendant Johnson Controls, Inc. as commissioned salespersons and subject to the transition from the Fiscal Year 2023 Commission Sales Incentive Plan to the Fiscal Year 2024 Sales Incentive Plan (the "Transition"), excluding all individuals who are pursuing claims pertaining to the Transition through separate counsel, or who have settled such claims.

The stipulation will state that the Parties are stipulating for settlement purposes only and if this Agreement is not approved by the Court, the Parties agree that this stipulation will be void. The stipulation is attached as Exhibit B to this Agreement and is incorporated herein.

### D. Preliminary Approval of Settlement.

The Parties will file with the Court, by September 1, 2025, a Joint Motion for Preliminary Approval of Settlement and Request for Fairness Hearing, along with a Proposed Order Approving Settlement, and supporting brief, in a form mutually agreed to by the Parties. Class Counsel will draft these documents. A fully executed copy of this Agreement will be attached to the motion for approval. The Parties will cooperate and take all necessary steps to effectuate judicial approval of this Agreement. The Parties agree that the relief requested in Exhibit C, the Proposed Order on Preliminary Approval, is what they are seeking and is appropriately before the Court at the preliminary approval stage.

### E. Fairness Hearing and Final Approval.

The Parties agree that in conjunction with the Motion for Preliminary Approval, they will submit a request for a Fairness Hearing the first week of December 2025 consistent with the Court's instruction during

7

the August 7, 2025 scheduling conference. On a date as soon as practicable to be provided by the Court, a Final Fairness Hearing will be held at which the Court will determine whether to issue final approval of the settlement, specifically to: (i) decide whether to certify the Rule 23 Class; (ii) decide whether to approve the Agreement as fair, reasonable, and adequate; and (iii) decide Class Counsel's motion for attorneys' fees and costs.

## V. Settlement Administration.

### A. Claims Administrator.

The Parties agree to the use Rust ("Administrator") to administer the notice, claims, payments, appropriate federal and state tax withholdings, and generate the appropriate documents related to the same, pursuant to this Agreement, as outlined in this Section V. The costs for the Administrator's services shall be paid out of the Settlement Funds and those costs have been accounted for in Section III.B.3.

### B. Preliminary Approval of Settlement.

If the Court grants preliminary approval of this Agreement, the Parties agree to the following procedure:

#### 1. Settlement Allocations and Contact Information.

Individual settlement allocations (as amended after the Notice period pursuant to III.B.3 and V.C.1.g) shall be made in the amounts set forth in Exhibit A. Within seven (7) days of the Court's Order on preliminary approval, JCI shall provide the Administrator with the most recent email and mailing address for each individual listed on Exhibit A.

#### 2. Issuance of Notice.

Within fourteen (14) days of receiving Exhibit A pursuant to Section V.B.1, the Administrator will mail and email a notice to the Rule 23 Class in a form substantially similar to the document attached hereto as Exhibit D ("Notice"), along with a self-addressed, postage-paid envelope. The Notice will include the amounts set forth in Exhibit A, as delivered to the Administrator pursuant to Section V.B.1, and will be sent by first-class U.S. Mail and email. The Notice shall inform the Rule 23 Class of their ability to object to the Agreement as described in Section V.B.3, their ability to exclude themselves from the Rule 23

8

Class as described in Section V.B.4, and the approximate amounts they are entitled to receive under the Agreement as stated in Exhibit A.

If the first mailing of the Notice is returned as undeliverable and the email is also undeliverable, the Administrator shall, within fourteen (14) days from receipt of the undeliverable notice, take other appropriate steps to identify and mail the Notice to an alternative address for the Rule 23 Class member. The Parties shall be deemed to have satisfied their obligation to provide the applicable notice to a Rule 23 Class member if (a) the email is sent and no undeliverable message is received; or if the email is undeliverable and an alternative address for the Rule 23 Class member cannot be identified by the Administrator; or (b) after a second mailing of the Notice to an alternative address is returned by the postal service as undeliverable.

### 3. Objection to Settlement.

Any member of the Rule 23 Class who intends to object to the fairness of the Agreement must, by the date specified in the Preliminary Order Approving Settlement (which shall be thirty (30) days after the distribution of the Notice), file any such objection with the Court and provide copies of the objection to both Class Counsel and Counsel for JCI.

Any objection to the Agreement must include: (i) the objector's full name, address, and telephone number; (ii) a written statement of all grounds for the objection accompanied by any legal and factual support for such objection; (iii) copies of any papers, briefs, or other documents upon which the objection is based; (iv) a list of all persons the objector intends to call to testify in support of the objection at the Final Fairness Hearing; and (v) a statement whether the objector intends to appear at the Final Fairness Hearing. If the objector intends to appear at the Final Fairness Hearing through counsel, the objection must also state the identity of all attorneys representing the objector who will appear at the Final Fairness Hearing. Any member of the Rule 23 Class who does not file a timely written objection to the settlement and notice of his or her intent to appear at the Final Fairness Hearing that complies with the requirements of this section 3 shall be foreclosed from seeking any adjudication or review of the settlement by appeal or otherwise.

### 4. Request for Exclusion.

9

Any Rule 23 Class member who wishes to be excluded from the Rule 23 Class must submit a request for exclusion via mail to the Administrator no later than thirty (30) days after the distribution of the Notice. Any Rule 23 Class member who fails to submit a timely request to be excluded shall be subject to and bound by this Agreement and every order and judgment entered pursuant to this Agreement.

The Administrator shall promptly (within two business days) and via email notify Counsel for Plaintiffs and Counsel for JCI of the identities of any Class Members who have excluded themselves.

### 5. Effect of Exclusion.

Should any Rule 23 Class Member exclude themselves from the settlement, the gross settlement fund shall be reduced by the amount allocated to such Class Member in accordance with Plaintiffs' damages formula. If the total allocation of the Class Members who exclude themselves exceeds twenty-five percent (25%) of the Rule 23 Fund, JCI in its sole discretion shall have the right to revoke the class settlement and, if JCI does so, the settlement shall have no force or effect. The opt-out percentage shall be calculated based on the pro rata allocation to each individual, not the full potential value of their claim.

## C. Final Approval.

If the Court grants final approval of this Agreement, the Parties agree to the following:

### 1. Entry of Judgment.

If this Agreement is finally approved by the Court, the Parties agree to submit a proposed Final Order Approving Settlement in a form substantially similar to Exhibit E directing the entry of judgment pursuant to Fed. R. Civ. P. 54(b) as follows:

    a. Certifying the Rule 23 Class pursuant to Fed. R. Civ. P. 23;

    b. Approving the Agreement as a fair, reasonable, and adequate resolution of bona fide disputes as applicable to the Rule 23 Class;

    c. Appointing Plaintiffs as Class Representative for the Rule 23 Class;

    d. Appointing HKM Employment Attorneys, LLP and Hawks Quindel, S.C. as Class Counsel;

10

e. Declaring the Agreement to be binding on JCI, Plaintiffs and the Rule 23 Class;

f. Dismissing with prejudice the Rule 23 Class's state law claims against JCI;

g. Approving a fair and reasonable award of attorneys' fees and costs to Class Counsel.

## 2. Unclaimed Settlement Funds – Cy pres.

Any portion of the Settlement Funds that remain undeliverable, returned, or uncashed within one hundred twenty (120) days after the date were originally mailed by the Administrator shall be void. The Administrator shall provide an accounting to Class Counsel and Counsel for JCI of all undeliverable and returned checks no later than one hundred fifty (150) days after the date of original mailing of checks. Seven (7) days after providing the accounting of unclaimed Settlement Funds, the Administrator shall mail a check in the amount of the unclaimed Settlement Funds to the National Institute for Workers' Rights, 1800 Sutter St., Suite 210, Concord, CA 94520. A copy of the check sent to the Institute upon mailing of said check shall be provided by the Administrator to Class Counsel and Counsel for JCI.

## 3. Tax Payments and Forms.

For payments made by the Administrator to the Rule 23 Class, the Administrator shall issue the appropriate tax forms, W2 or 1099, for the 2026 tax year and the Administrator shall make the proper flat rate federal and state employer tax payments and withholdings on behalf of JCI.

Following entry of Final Judgment, and reasonably in advance of the date JCI is to deposit the settlement funds with the Administrator pursuant to Section III(C), the Administrator will notify JCI of the amount of FICA employer payroll taxes on the funds to be distributed to the Class Members. JCI will deposit that amount with the Administrator in addition to the amounts it is to deposition pursuant to Section III(C)(a) through (d).

## 4. Check Distribution.

Within fourteen (14) days of receipt of the payments made pursuant to Section V.C.3, the Administrator shall issue checks to Rule 23 Class members who are not excluded in the amounts listed on Exhibit A.

11

If a check is returned as undeliverable, the Administrator shall, within fourteen (14) days from receipt of the undeliverable check, take other appropriate steps to identify and mail the check to an alternate address for the Rule 23 Class member. If, after a second mailing, the check is returned by the postal service as undeliverable, the Parties shall be deemed to have satisfied their obligation to provide payment to the Rule 23 Class member.

## VI.    Breach

If JCI breaches this Agreement by failing to timely make the payment provided herein, JCI shall have fourteen (14) calendar days, from the date it receives notice of a breach, to cure such breach. Notice of any such breach shall be provided via email to:

> Attorney Peter Hughes at peter.hughes@ogletree.com
> Attorney Bernard Bobber at bernard.bobber@ogletree.com

If the breach is not cured within the time set forth above, the non-breaching party shall be entitled to its reasonable attorneys' fees incurred to enforce the terms of the settlement. The Parties further agree that the court shall retain jurisdiction over this matter for the sole purpose of enforcing the settlement.

## VI.    No Admission

Nothing in this Agreement shall be construed or deemed an admission of liability, culpability, negligence or wrongdoing on the part of JCI, and JCI denies any such liability.  The parties have entered into this Agreement with the intention of avoiding further disputes and litigation with the attendant inconvenience and expenses. It is expressly understood and agreed that no party shall be deemed to be a "prevailing party" for the purposes of any fee-shifting statute, rule, or agreement.

## VII.    Construction

The Parties agree that the terms and conditions of this Agreement are the result of lengthy, intensive, arm's length negotiations between the parties and that this Agreement shall not be construed in favor of or against any party.

## VIII.   Jurisdiction

The Parties consent to the United States District Court for the Eastern District of Wisconsin retaining jurisdiction over this matter for the sole purpose of enforcing the terms of this Agreement.

## XI. Governing Law

This Agreement shall be construed and interpreted in accordance with the laws of the State of Wisconsin.

## XII. Entire Agreement

This document and its Exhibits X-X constitute the entire Agreement between the Parties with regard to the matters set forth herein and supersede any prior written or oral agreements. In entering into this Agreement, Plaintiffs expressly acknowledges that they are not relying on advice from anyone from JCI, including JCI's principals, owners, or attorneys, or any other individual or entity other than Class Counsel.

## XIII. Severability

If any provision of this Agreement shall be found invalid or unenforceable in whole or in part, that provision shall be deemed excised from this Agreement.

## XIV. Counterparts

The Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties. The Agreement may be executed by electronic means, including DocuSign or a similar service and/or an image (.pdf) of a signature.

*[signatures appear on next page]*

13

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement.

08/25/2025
_____
Dated

_____
Daniel Novin, on behalf of himself, and
the Rule 23 Class

_____
Dated

_____
Stewart Swander, on behalf of himself,
and the Rule 23 Class

_____
Dated

_____
Timothy Butler, on behalf of himself,
and the Rule 23 Class

_____
Dated

_____
Reid Begnoche, on behalf of himself,
and the Rule 23 Class

_____
Dated

_____
Dustin Brown, on behalf of himself, and
the Rule 23 Class

14

# Final Settlement Agreement

Final Audit Report                                                2025-08-25

| | |
|---|---|
| Created: | 2025-08-24 |
| By: | Kevin Todd (ktodd@hkm.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAA0a5ZDTnYJMhRqTEDJkuh223jKpyXIA0t |

## "Final Settlement Agreement" History

📄 Document created by Kevin Todd (ktodd@hkm.com)
   2025-08-24 - 5:00:07 PM GMT

✉ Document emailed to daniel.novin@gmail.com for signature
   2025-08-24 - 5:00:11 PM GMT

📄 Email viewed by daniel.novin@gmail.com
   2025-08-25 - 11:47:42 PM GMT

✍ Signer daniel.novin@gmail.com entered name at signing as Daniel Novin
   2025-08-25 - 11:49:04 PM GMT

✍ Document e-signed by Daniel Novin (daniel.novin@gmail.com)
   Signature Date: 2025-08-25 - 11:49:06 PM GMT - Time Source: server

✅ Agreement completed.
   2025-08-25 - 11:49:06 PM GMT

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement.

| | |
|---|---|
| _____ | _____ |
| Dated | Daniel Novin, on behalf of himself, and the Rule 23 Class |

08/27/2025
_____
Dated

Stewart Swander, on behalf of himself, and the Rule 23 Class

_____
Dated

Timothy Butler, on behalf of himself, and the Rule 23 Class

_____
Dated

Reid Begnoche, on behalf of himself, and the Rule 23 Class

_____
Dated

Dustin Brown, on behalf of himself, and the Rule 23 Class

14

# Final Settlement Agreement

Final Audit Report 2025-08-27

| | |
|---|---|
| Created: | 2025-08-24 |
| By: | Kevin Todd (ktodd@hkm.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAV13IY4rrjn18DIyPncNwcg-U2URReJvB |

## "Final Settlement Agreement" History

📄 Document created by Kevin Todd (ktodd@hkm.com)
2025-08-24 - 5:04:01 PM GMT

✉ Document emailed to stewart.swander@gmail.com for signature
2025-08-24 - 5:04:07 PM GMT

📄 Email viewed by stewart.swander@gmail.com
2025-08-27 - 7:11:13 PM GMT

✍ Signer stewart.swander@gmail.com entered name at signing as Stewart Swander
2025-08-27 - 7:34:18 PM GMT

✍ Document e-signed by Stewart Swander (stewart.swander@gmail.com)
Signature Date: 2025-08-27 - 7:34:20 PM GMT - Time Source: server

✅ Agreement completed.
2025-08-27 - 7:34:20 PM GMT

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement.

_____
Dated

_____
Daniel Novin, on behalf of himself, and
the Rule 23 Class

_____
Dated

_____
Stewart Swander, on behalf of himself,
and the Rule 23 Class

08/28/2025
_____
Dated

_____
Timothy Butler, on behalf of himself,
and the Rule 23 Class

_____
Dated

_____
Reid Begnoche, on behalf of himself,
and the Rule 23 Class

_____
Dated

_____
Dustin Brown, on behalf of himself, and
the Rule 23 Class

14

# Final Settlement Agreement

Final Audit Report          2025-08-28

| | |
|---|---|
| Created: | 2025-08-24 |
| By: | Kevin Todd (ktodd@hkm.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAuf6yghM0qEWP8L9avRPeRCI3wfzC9_n7 |

## "Final Settlement Agreement" History

📄 Document created by Kevin Todd (ktodd@hkm.com)
2025-08-24 - 5:07:21 PM GMT

✉ Document emailed to timothypbutler1@gmail.com for signature
2025-08-24 - 5:07:25 PM GMT

📄 Email viewed by timothypbutler1@gmail.com
2025-08-28 - 2:29:24 AM GMT

✍ Signer timothypbutler1@gmail.com entered name at signing as Timothy Butler
2025-08-28 - 2:30:26 AM GMT

✍ Document e-signed by Timothy Butler (timothypbutler1@gmail.com)
Signature Date: 2025-08-28 - 2:30:28 AM GMT - Time Source: server

✅ Agreement completed.
2025-08-28 - 2:30:28 AM GMT

**Adobe Acrobat Sign**

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement.

_____
Dated

_____
Daniel Novin, on behalf of himself, and the Rule 23 Class

_____
Dated

_____
Stewart Swander, on behalf of himself, and the Rule 23 Class

_____
Dated

_____
Timothy Butler, on behalf of himself, and the Rule 23 Class

08/24/2025
_____
Dated

_____
Reid Begnoche, on behalf of himself, and the Rule 23 Class

_____
Dated

_____
Dustin Brown, on behalf of himself, and the Rule 23 Class

14

# Final Settlement Agreement

Final Audit Report                                                    2025-08-24

| | |
|---|---|
| Created: | 2025-08-24 |
| By: | Kevin Todd (ktodd@hkm.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAICylu7iz6iz75kyTq6-9vc5PsvqprQ5O |

## "Final Settlement Agreement" History

Document created by Kevin Todd (ktodd@hkm.com)
2025-08-24 - 5:13:17 PM GMT

Document emailed to reid@tallgrassreptiles.com for signature
2025-08-24 - 5:13:21 PM GMT

Email viewed by reid@tallgrassreptiles.com
2025-08-24 - 5:24:05 PM GMT

Signer reid@tallgrassreptiles.com entered name at signing as F. Reid Begnoche
2025-08-24 - 6:03:57 PM GMT

Document e-signed by F. Reid Begnoche (reid@tallgrassreptiles.com)
Signature Date: 2025-08-24 - 6:03:59 PM GMT - Time Source: server

Agreement completed.
2025-08-24 - 6:03:59 PM GMT

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement.

_____
Dated

_____
Daniel Novin, on behalf of himself, and
the Rule 23 Class

_____
Dated

_____
Stewart Swander, on behalf of himself,
and the Rule 23 Class

_____
Dated

_____
Timothy Butler, on behalf of himself,
and the Rule 23 Class

_____
Dated

_____
Reid Begnoche, on behalf of himself,
and the Rule 23 Class

08/27/2025
_____
Dated

_____
Dustin Brown, on behalf of himself, and
the Rule 23 Class

14

# Final Settlement Agreement

Final Audit Report                                                 2025-08-27

| | |
|---|---|
| Created: | 2025-08-24 |
| By: | Kevin Todd (ktodd@hkm.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAyWGUwWVozYSVyUcZSZTM4XtVmRPglJqB |

## "Final Settlement Agreement" History

📄 Document created by Kevin Todd (ktodd@hkm.com)
   2025-08-24 - 5:17:05 PM GMT

📧 Document emailed to dustnbrown@gmail.com for signature
   2025-08-24 - 5:17:08 PM GMT

📄 Email viewed by dustnbrown@gmail.com
   2025-08-25 - 0:35:24 AM GMT

🖊 Signer dustnbrown@gmail.com entered name at signing as Dustin Brown
   2025-08-27 - 8:08:54 PM GMT

🖊 Document e-signed by Dustin Brown (dustnbrown@gmail.com)
   Signature Date: 2025-08-27 - 8:08:56 PM GMT - Time Source: server

✅ Agreement completed.
   2025-08-27 - 8:08:56 PM GMT

08/24/2025

_Jeffrey W. Erker_
Jeffrey W. Erker (Aug 24, 2025 15:05:27 CDT)

_____
Dated

_____
Jeffrey Erker, on behalf of himself, and
the Rule 23 Class

_____
Dated

_____
Sam Klumpers, on behalf of himself,
and the Rule 23 Class

_____
Dated

_____
Gary Gray, on behalf of himself, and
the Rule 23 Class

_____
Dated

_____
Christopher Johnston, on behalf of
himself, and the Rule 23 Class

_____
Dated

_____
Joseph Perea, on behalf of himself, and
the Rule 23 Class

_____
Dated

_____
Brian Reis, on behalf of himself, and
the Rule 23 Class

15

# Final Settlement Agreement

Final Audit Report                                             2025-08-24

| | |
|---|---|
| Created: | 2025-08-24 |
| By: | Kevin Todd (ktodd@hkm.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAe3LChXbGnZNLYMIXxI04krKG3YYu_DgB |

## "Final Settlement Agreement" History

Document created by Kevin Todd (ktodd@hkm.com)
2025-08-24 - 5:20:59 PM GMT

Document emailed to jeffjen_erker@sbcglobal.net for signature
2025-08-24 - 5:21:02 PM GMT

Email viewed by jeffjen_erker@sbcglobal.net
2025-08-24 - 8:04:10 PM GMT

Signer jeffjen_erker@sbcglobal.net entered name at signing as Jeffrey W. Erker
2025-08-24 - 8:05:25 PM GMT

Document e-signed by Jeffrey W. Erker (jeffjen_erker@sbcglobal.net)
Signature Date: 2025-08-24 - 8:05:27 PM GMT - Time Source: server

Agreement completed.
2025-08-24 - 8:05:27 PM GMT

**Adobe Acrobat Sign**

_____
Dated

_____
Jeffrey Erker, on behalf of himself, and
the Rule 23 Class


08/29/2025
_____
Dated

*Sam Klumpers*
Sam Klumpers (Aug 29, 2025 08:36:42 CDT)
_____
Sam Klumpers, on behalf of himself,
and the Rule 23 Class


_____
Dated

_____
Gary Gray, on behalf of himself, and
the Rule 23 Class


_____
Dated

_____
Christopher Johnston, on behalf of
himself, and the Rule 23 Class


_____
Dated

_____
Joseph Perea, on behalf of himself, and
the Rule 23 Class


_____
Dated

_____
Brian Reis, on behalf of himself, and
the Rule 23 Class

15

# Final Settlement Agreement

Final Audit Report

| | |
|---|---|
| Created: | 2025-08-24 |
| By: | Kevin Todd (ktodd@hkm.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAgYhG0fVR7tvoWLpDLwkxUFw6nFeOn4KJ |

## "Final Settlement Agreement" History

📄 Document created by Kevin Todd (ktodd@hkm.com)
2025-08-24 - 5:23:59 PM GMT

✉️ Document emailed to sklumpers@gmail.com for signature
2025-08-24 - 5:24:03 PM GMT

📄 Email viewed by sklumpers@gmail.com
2025-08-29 - 1:04:35 PM GMT

✅ Signer sklumpers@gmail.com entered name at signing as Sam Klumpers
2025-08-29 - 1:36:40 PM GMT

✅ Document e-signed by Sam Klumpers (sklumpers@gmail.com)
Signature Date: 2025-08-29 - 1:36:42 PM GMT - Time Source: server

✅ Agreement completed.
2025-08-29 - 1:36:42 PM GMT

_____
Dated

_____
Jeffrey Erker, on behalf of himself, and
the Rule 23 Class

_____
Dated

_____
Sam Klumpers, on behalf of himself,
and the Rule 23 Class

08/26/2025
_____
Dated

_____
Gary Gray, on behalf of himself, and
the Rule 23 Class

_____
Dated

_____
Christopher Johnston, on behalf of
himself, and the Rule 23 Class

_____
Dated

_____
Joseph Perea, on behalf of himself, and
the Rule 23 Class

_____
Dated

_____
Brian Reis, on behalf of himself, and
the Rule 23 Class

15

# Final Settlement Agreement

Final Audit Report                                          2025-08-26

| | |
|---|---|
| Created: | 2025-08-24 |
| By: | Kevin Todd (ktodd@hkm.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAhdyB_rNCf7_Nnp13J84Jn506MVu3pfi7 |

## "Final Settlement Agreement" History

🗂 Document created by Kevin Todd (ktodd@hkm.com)
2025-08-24 - 5:29:49 PM GMT

✉ Document emailed to grayg0409@gmail.com for signature
2025-08-24 - 5:29:52 PM GMT

🗂 Email viewed by grayg0409@gmail.com
2025-08-26 - 11:45:20 PM GMT

🖊 Signer grayg0409@gmail.com entered name at signing as Gary Gray
2025-08-26 - 11:46:56 PM GMT

🖊 Document e-signed by Gary Gray (grayg0409@gmail.com)
Signature Date: 2025-08-26 - 11:46:58 PM GMT - Time Source: server

✅ Agreement completed.
2025-08-26 - 11:46:58 PM GMT

_____
Dated

_____
Jeffrey Erker, on behalf of himself, and
the Rule 23 Class


_____
Dated

_____
Sam Klumpers, on behalf of himself,
and the Rule 23 Class


_____
Dated

_____
Gary Gray, on behalf of himself, and
the Rule 23 Class


08/26/2025
_____
Dated

_____
Christopher Johnston, on behalf of
himself, and the Rule 23 Class


_____
Dated

_____
Joseph Perea, on behalf of himself, and
the Rule 23 Class


_____
Dated

_____
Brian Reis, on behalf of himself, and
the Rule 23 Class

15

# Final Settlement Agreement

Final Audit Report                                    2025-08-26

| | |
|---|---|
| Created: | 2025-08-24 |
| By: | Kevin Todd (ktodd@hkm.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAwm0eaZXeJkv2ySTWrN7IVxyHyvnDJfIh |

## "Final Settlement Agreement" History

📄 Document created by Kevin Todd (ktodd@hkm.com)
2025-08-24 - 5:34:15 PM GMT

✉️ Document emailed to cjj929@protonmail.com for signature
2025-08-24 - 5:34:19 PM GMT

📄 Email viewed by cjj929@protonmail.com
2025-08-24 - 5:54:16 PM GMT

✍️ Signer cjj929@protonmail.com entered name at signing as Christopher Johnston
2025-08-26 - 12:20:16 PM GMT

✍️ Document e-signed by Christopher Johnston (cjj929@protonmail.com)
Signature Date: 2025-08-26 - 12:20:18 PM GMT - Time Source: server

✅ Agreement completed.
2025-08-26 - 12:20:18 PM GMT

_____
Dated

_____
Jeffrey Erker, on behalf of himself, and the Rule 23 Class

_____
Dated

_____
Sam Klumpers, on behalf of himself, and the Rule 23 Class

_____
Dated

_____
Gary Gray, on behalf of himself, and the Rule 23 Class

_____
Dated

_____
Christopher Johnston, on behalf of himself, and the Rule 23 Class

08/26/2025
_____
Dated

*Joseph Perea*
Joseph Perea [Aug 26, 2025 00:55:44 MDT]
_____
Joseph Perea, on behalf of himself, and the Rule 23 Class

_____
Dated

_____
Brian Reis, on behalf of himself, and the Rule 23 Class

15

# Final Settlement Agreement

Final Audit Report                                          2025-08-26

| | |
|---|---|
| Created: | 2025-08-24 |
| By: | Kevin Todd (ktodd@hkm.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAA0Ih1pVIGpHyEdyJowjW3i9H3TU_1KRNL |

## "Final Settlement Agreement" History

📄 Document created by Kevin Todd (ktodd@hkm.com)
2025-08-24 - 5:37:58 PM GMT

✉️ Document emailed to jcperea69@msn.com for signature
2025-08-24 - 5:38:02 PM GMT

📄 Email viewed by jcperea69@msn.com
2025-08-24 - 5:45:30 PM GMT

🖊️ Signer jcperea69@msn.com entered name at signing as Joseph Perea
2025-08-26 - 6:55:42 AM GMT

🖊️ Document e-signed by Joseph Perea (jcperea69@msn.com)
Signature Date: 2025-08-26 - 6:55:44 AM GMT - Time Source: server

✅ Agreement completed.
2025-08-26 - 6:55:44 AM GMT

_____  _____
Dated                          Jeffrey Erker, on behalf of himself, and
                                   the Rule 23 Class


_____  _____
Dated                          Sam Klumpers, on behalf of himself,
                                   and the Rule 23 Class


_____  _____
Dated                          Gary Gray, on behalf of himself, and
                                   the Rule 23 Class


_____  _____
Dated                          Christopher Johnston, on behalf of
                                   himself, and the Rule 23 Class


_____  _____
Dated                          Joseph Perea, on behalf of himself, and
                                   the Rule 23 Class


08/25/2025                 _____
_____  Brian Christopher Reis (Aug 25, 2025 20:47:02 EDT)
Dated                          Brian Reis, on behalf of himself, and
                                   the Rule 23 Class

15

# Final Settlement Agreement

Final Audit Report                                         2025-08-26

| | |
|---|---|
| Created: | 2025-08-24 |
| By: | Kevin Todd (ktodd@hkm.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAFu7atZmJUUizydJ83E8uMmDFcVgGidLk |

## "Final Settlement Agreement" History

📄 Document created by Kevin Todd (ktodd@hkm.com)
2025-08-24 - 5:40:24 PM GMT

✉ Document emailed to reisb4@gmail.com for signature
2025-08-24 - 5:40:27 PM GMT

📄 Email viewed by reisb4@gmail.com
2025-08-26 - 0:38:35 AM GMT

🖊 Signer reisb4@gmail.com entered name at signing as Brian Christopher Reis
2025-08-26 - 0:47:00 AM GMT

🖊 Document e-signed by Brian Christopher Reis (reisb4@gmail.com)
Signature Date: 2025-08-26 - 0:47:02 AM GMT - Time Source: server

✅ Agreement completed.
2025-08-26 - 0:47:02 AM GMT

08/24/2025
_____

Dated

*Mark A Zip*
Mark A Zip (Aug 24, 2025 15:25:37 EDT)
_____
Mark Zip, on behalf of himself, and the
Rule 23 Class

_____

Dated

_____
Patrick Mooney, on behalf of himself,
and the Rule 23 Class

_____

Dated

_____
David Howze, on behalf of himself, and
the Rule 23 Class

_____

Dated

_____
Scott McCollam, on behalf of himself,
and the Rule 23 Class

_____

Dated

_____
Matt Carville, on behalf of himself, and
the Rule 23 Class

16

# Final Settlement Agreement

Final Audit Report

2025-08-24

| | |
|---|---|
| Created: | 2025-08-24 |
| By: | Kevin Todd (ktodd@hkm.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAA3jKw504EfmosHMgghu1pJtIkTta5E6iF |

## "Final Settlement Agreement" History

📄 Document created by Kevin Todd (ktodd@hkm.com)
2025-08-24 - 5:42:36 PM GMT

✉ Document emailed to mark.a.zip@gmail.com for signature
2025-08-24 - 5:42:39 PM GMT

📄 Email viewed by mark.a.zip@gmail.com
2025-08-24 - 7:24:49 PM GMT

✍ Signer mark.a.zip@gmail.com entered name at signing as Mark A Zip
2025-08-24 - 7:25:25 PM GMT

✍ Document e-signed by Mark A Zip (mark.a.zip@gmail.com)
Signature Date: 2025-08-24 - 7:25:27 PM GMT - Time Source: server

✅ Agreement completed.
2025-08-24 - 7:25:27 PM GMT

**Adobe Acrobat Sign**

_____
Dated

_____
Mark Zip, on behalf of himself, and the
Rule 23 Class


08/27/2025
_____
Dated

*Patrick D. Mooney*
Patrick D. Mooney (Aug 27, 2025 08:46:11 CDT)
_____
Patrick Mooney, on behalf of himself,
and the Rule 23 Class


_____
Dated

_____
David Howze, on behalf of himself, and
the Rule 23 Class


_____
Dated

_____
Scott McCollam, on behalf of himself,
and the Rule 23 Class


_____
Dated

_____
Matt Carville, on behalf of himself, and
the Rule 23 Class


16

# Final Settlement Agreement

Final Audit Report

2025-08-27

| | |
|---|---|
| Created: | 2025-08-24 |
| By: | Kevin Todd (ktodd@hkm.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAXrWzR80zTavJ0cqSf9iEk9FmeznEKUJj |

## "Final Settlement Agreement" History

📄 Document created by Kevin Todd (ktodd@hkm.com)
2025-08-24 - 5:44:50 PM GMT

📧 Document emailed to patrickdmooney1@gmail.com for signature
2025-08-24 - 5:44:54 PM GMT

📄 Email viewed by patrickdmooney1@gmail.com
2025-08-25 - 10:00:23 PM GMT

🖋 Signer patrickdmooney1@gmail.com entered name at signing as Patrick D. Mooney
2025-08-27 - 1:46:09 PM GMT

🖋 Document e-signed by Patrick D. Mooney (patrickdmooney1@gmail.com)
Signature Date: 2025-08-27 - 1:46:11 PM GMT - Time Source: server

✅ Agreement completed.
2025-08-27 - 1:46:11 PM GMT

_____
Dated

_____
Mark Zip, on behalf of himself, and the
Rule 23 Class


_____
Dated

_____
Patrick Mooney, on behalf of himself,
and the Rule 23 Class


08/25/2025
_____
Dated

_____
David Howze, on behalf of himself, and
the Rule 23 Class


_____
Dated

_____
Scott McCollam, on behalf of himself,
and the Rule 23 Class


_____
Dated

_____
Matt Carville, on behalf of himself, and
the Rule 23 Class


16

# Final Settlement Agreement

Final Audit Report · 2025-08-26

| | |
|---|---|
| Created: | 2025-08-24 |
| By: | Kevin Todd (ktodd@hkm.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAWWOHWOUWXK2uoHTtb7rxhzuIV-e7PTuA |

## "Final Settlement Agreement" History

📄 Document created by Kevin Todd (ktodd@hkm.com)
2025-08-24 - 5:47:46 PM GMT

✉ Document emailed to davehowze@gmail.com for signature
2025-08-24 - 5:47:50 PM GMT

📄 Email viewed by davehowze@gmail.com
2025-08-24 - 6:18:20 PM GMT

🖊 Signer davehowze@gmail.com entered name at signing as David Howze
2025-08-26 - 3:29:00 AM GMT

🖊 Document e-signed by David Howze (davehowze@gmail.com)
Signature Date: 2025-08-26 - 3:29:02 AM GMT - Time Source: server

✅ Agreement completed.
2025-08-26 - 3:29:02 AM GMT

_____
Dated

_____
Mark Zip, on behalf of himself, and the
Rule 23 Class

_____
Dated

_____
Patrick Mooney, on behalf of himself,
and the Rule 23 Class

_____
Dated

_____
David Howze, on behalf of himself, and
the Rule 23 Class

08/24/2025
_____
Dated

*Scott J McCollam*
Scott J McCollam (Aug 24, 2025 15:49:48 CDT)
_____
Scott McCollam, on behalf of himself,
and the Rule 23 Class

_____
Dated

_____
Matt Carville, on behalf of himself, and
the Rule 23 Class

16

# Final Settlement Agreement

Final Audit Report                                           2025-08-24

| | |
|---|---|
| Created: | 2025-08-24 |
| By: | Kevin Todd (ktodd@hkm.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAFy10ViYxHKE1ZO-00rWr7_ixCG7h9xCK |

## "Final Settlement Agreement" History

Document created by Kevin Todd (ktodd@hkm.com)
2025-08-24 - 5:50:27 PM GMT

Document emailed to mccollamscott01@gmail.com for signature
2025-08-24 - 5:50:31 PM GMT

Email viewed by mccollamscott01@gmail.com
2025-08-24 - 8:46:37 PM GMT

Signer mccollamscott01@gmail.com entered name at signing as Scott J McCollam
2025-08-24 - 8:49:46 PM GMT

Document e-signed by Scott J McCollam (mccollamscott01@gmail.com)
Signature Date: 2025-08-24 - 8:49:48 PM GMT - Time Source: server

Agreement completed.
2025-08-24 - 8:49:48 PM GMT

**Adobe Acrobat Sign**

_____  
Dated

_____  
Mark Zip, on behalf of himself, and the Rule 23 Class


_____  
Dated

_____  
Patrick Mooney, on behalf of himself, and the Rule 23 Class


_____  
Dated

_____  
David Howze, on behalf of himself, and the Rule 23 Class


_____  
Dated

_____  
Scott McCollam, on behalf of himself, and the Rule 23 Class


08/24/2025  
_____  
Dated

_____  
Matthew Carville (Aug 24, 2025 19:01:42 CDT)  
Matt Carville, on behalf of himself, and the Rule 23 Class

16

# Final Settlement Agreement

Final Audit Report                                                    2025-08-24

| | |
|---|---|
| Created: | 2025-08-24 |
| By: | Kevin Todd (ktodd@hkm.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAdMMcCFU6Dg1KtKM9kBNmkMjLwiGmVGmE |

## "Final Settlement Agreement" History

📄 Document created by Kevin Todd (ktodd@hkm.com)
2025-08-24 - 5:59:17 PM GMT

📧 Document emailed to carville.matthew@yahoo.com for signature
2025-08-24 - 5:59:21 PM GMT

📄 Email viewed by carville.matthew@yahoo.com
2025-08-24 - 10:59:27 PM GMT

🔏 Signer carville.matthew@yahoo.com entered name at signing as Matthew Carville
2025-08-24 - 11:01:40 PM GMT

🔏 Document e-signed by Matthew Carville (carville.matthew@yahoo.com)
Signature Date: 2025-08-24 - 11:01:42 PM GMT - Time Source: server

✅ Agreement completed.
2025-08-24 - 11:01:42 PM GMT

08/25/2025
_____
Dated

_____
Ricky Scott, on behalf of himself, and
the Rule 23 Class

_____
Dated

_____
Michael Migliaccio, on behalf of himself,
and the Rule 23 Class

_____
Dated

_____
Keith Wahl, on behalf of himself, and
the Rule 23 Class

_____
Dated

_____
William Roberts, on behalf of himself,
and the Rule 23 Class

_____
Dated

_____
Froilan Garma, on behalf of himself,
and the Rule 23 Class

17

# Final Settlement Agreement

Final Audit Report             2025-08-26

| | |
|---|---|
| Created: | 2025-08-24 |
| By: | Kevin Todd (ktodd@hkm.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAIs4a8W-iB9tCNsf0dDL4K6ZJYtOn0NXy |

## "Final Settlement Agreement" History

Document created by Kevin Todd (ktodd@hkm.com)
2025-08-24 - 6:02:08 PM GMT

Document emailed to Ricky Scott (rgscott09@gmail.com) for signature
2025-08-24 - 6:02:12 PM GMT

Email viewed by Ricky Scott (rgscott09@gmail.com)
2025-08-26 - 0:41:35 AM GMT

Document e-signed by Ricky Scott (rgscott09@gmail.com)
Signature Date: 2025-08-26 - 0:44:01 AM GMT - Time Source: server

Agreement completed.
2025-08-26 - 0:44:01 AM GMT

_____        _____
Dated                        Ricky Scott, on behalf of himself, and
                             the Rule 23 Class


08/25/2025                   *Michael Migliaccio*
                             Michael Migliaccio (Aug 25, 2025 12:18:44 EDT)
_____        _____
Dated                        Michael Migliaccio, on behalf of himself,
                             and the Rule 23 Class


_____        _____
Dated                        Keith Wahl, on behalf of himself, and
                             the Rule 23 Class


_____        _____
Dated                        William Roberts, on behalf of himself,
                             and the Rule 23 Class


_____        _____
Dated                        Froilan Garma, on behalf of himself,
                             and the Rule 23 Class

17

# Final Settlement Agreement

Final Audit Report

| | |
|---|---|
| Created: | 2025-08-24 |
| By: | Kevin Todd (ktodd@hkm.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAMpT7aM-Iyr3OtKpm4EVPUS8TViMiXn_m |

## "Final Settlement Agreement" History

📄 Document created by Kevin Todd (ktodd@hkm.com)
2025-08-24 - 6:05:42 PM GMT

✉ Document emailed to migonlanier@gmail.com for signature
2025-08-24 - 6:05:46 PM GMT

📄 Email viewed by migonlanier@gmail.com
2025-08-25 - 4:16:44 PM GMT

🖊 Signer migonlanier@gmail.com entered name at signing as Michael Migliaccio
2025-08-25 - 4:18:42 PM GMT

🖊 Document e-signed by Michael Migliaccio (migonlanier@gmail.com)
Signature Date: 2025-08-25 - 4:18:44 PM GMT - Time Source: server

✅ Agreement completed.
2025-08-25 - 4:18:44 PM GMT

**Adobe Acrobat Sign**

_____

Dated

_____

Ricky Scott, on behalf of himself, and
the Rule 23 Class

_____

Dated

_____

Michael Migliaccio, on behalf of himself,
and the Rule 23 Class

08/27/2025

_____

Dated

_____

Keith Wahl, on behalf of himself, and
the Rule 23 Class

_____

Dated

_____

William Roberts, on behalf of himself,
and the Rule 23 Class

_____

Dated

_____

Froilan Garma, on behalf of himself,
and the Rule 23 Class

17

# Final Settlement Agreement

Final Audit Report                                                    2025-08-27

| | |
|---|---|
| Created: | 2025-08-24 |
| By: | Kevin Todd (ktodd@hkm.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAVQQ_RqtNZyAOluIsY7EN6IW8aQwwDSL_ |

## "Final Settlement Agreement" History

📄 Document created by Kevin Todd (ktodd@hkm.com)
2025-08-24 - 6:09:04 PM GMT

✉ Document emailed to kwsalesinc@gmail.com for signature
2025-08-24 - 6:09:07 PM GMT

📄 Email viewed by kwsalesinc@gmail.com
2025-08-25 - 1:52:13 AM GMT

✍ Signer kwsalesinc@gmail.com entered name at signing as Keith Wahl
2025-08-27 - 7:32:16 PM GMT

✍ Document e-signed by Keith Wahl (kwsalesinc@gmail.com)
Signature Date: 2025-08-27 - 7:32:18 PM GMT - Time Source: server

✅ Agreement completed.
2025-08-27 - 7:32:18 PM GMT

**Adobe Acrobat Sign**

_____          _____
Dated                              Ricky Scott, on behalf of himself, and
                                   the Rule 23 Class


_____          _____
Dated                              Michael Migliaccio, on behalf of himself,
                                   and the Rule 23 Class


_____          _____
Dated                              Keith Wahl, on behalf of himself, and
                                   the Rule 23 Class


08/27/2025                         _____
_____          *William Roberts (Aug 27, 2025 23:26:16 MDT)*
Dated                              William Roberts, on behalf of himself,
                                   and the Rule 23 Class


_____          _____
Dated                              Froilan Garma, on behalf of himself,
                                   and the Rule 23 Class

# Final Settlement Agreement

Final Audit Report

2025-08-28

| | |
|---|---|
| Created: | 2025-08-24 |
| By: | Kevin Todd (ktodd@hkm.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAuJs0F9PUKuBlVHzz9WPZaRmu1zEm48j3 |

## "Final Settlement Agreement" History

Document created by Kevin Todd (ktodd@hkm.com)
2025-08-24 - 6:12:25 PM GMT

Document emailed to william roberts (weck11@msn.com) for signature
2025-08-24 - 6:12:29 PM GMT

Email viewed by william roberts (weck11@msn.com)
2025-08-28 - 3:23:28 AM GMT

Document e-signed by william roberts (weck11@msn.com)
Signature Date: 2025-08-28 - 3:26:18 AM GMT - Time Source: server

Agreement completed.
2025-08-28 - 3:26:18 AM GMT

_____          _____
Dated                                    Ricky Scott, on behalf of himself, and
                                         the Rule 23 Class



_____          _____
Dated                                    Michael Migliaccio, on behalf of himself,
                                         and the Rule 23 Class



_____          _____
Dated                                    Keith Wahl, on behalf of himself, and
                                         the Rule 23 Class



_____          _____
Dated                                    William Roberts, on behalf of himself,
                                         and the Rule 23 Class



08/25/2025
_____          _____
Dated                                    Froilan Garma, on behalf of himself,
                                         and the Rule 23 Class

17

# Final Settlement Agreement

Final Audit Report                                        2025-08-26

| | |
|---|---|
| Created: | 2025-08-24 |
| By: | Kevin Todd (ktodd@hkm.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAheehSpnsh8etZkZM22K7iN20qXN5juH- |

## "Final Settlement Agreement" History

Document created by Kevin Todd (ktodd@hkm.com)
2025-08-24 - 6:15:28 PM GMT

Document emailed to Fur Roh (froilangarma@ymail.com) for signature
2025-08-24 - 6:15:31 PM GMT

Email viewed by Fur Roh (froilangarma@ymail.com)
2025-08-26 - 8:45:14 AM GMT

Signer Fur Roh (froilangarma@ymail.com) entered name at signing as Froilan Garma
2025-08-26 - 8:48:30 AM GMT

Document e-signed by Froilan Garma (froilangarma@ymail.com)
Signature Date: 2025-08-26 - 8:48:32 AM GMT - Time Source: server

Agreement completed.
2025-08-26 - 8:48:32 AM GMT

**Adobe Acrobat Sign**

8/28/2025
Dated

JCI, Inc.

By:___Tammara M. Lovett
Vice President, Chief Labor &
Employment Counsel

18

92632776.v1-OGLETREE