UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DANIEL NOVIN, *et al.*,

        Plaintiffs,

v.

        Case No. 24-cv-46-pp

JOHNSON CONTROLS, INC.,

        Defendant.

---

**ORDER GRANTING UNOPPOSED MOTION FOR PRELIMINARY APPROVAL (DKT. NO. 33), CERTIFYING RULE 23 CLASS FOR PURPOSES OF SETTLEMENT ADMINISTRATION AND SETTING FAIRNESS HEARING**

---

      On February 8, 2024, the plaintiffs, in their individual capacities and on behalf of a nationwide class of similarly situated salespersons employed by Johnson Controls, filed an amended complaint alleging that the defendant had altered its Commission Plan in Fiscal Year 2024 (FY24), resulting in the cancellation of backlogged commissions, a breach of the employment agreement and the covenant of good faith and fair dealing and unjust enrichment. Dkt. No. 8. The plaintiffs also alleged violations of various state wage payment statutes. Id. The defendant filed a motion to dismiss the amended complaint for failure to state a claim, dkt. no. 14, and the court scheduled an August 7, 2025 hearing on that motion, dkt. no. 27. Shortly before the hearing, the plaintiff's counsel notified chambers' staff that the parties had reached a settlement. Dkt. No. 29 at 1. The court left the hearing on the calendar to discuss some lingering questions and concerns about related cases. Id. The parties filed their settlement agreement on September 1, 2025. Dkt. No. 32. The plaintiffs simultaneously filed an unopposed motion

1

asking the court for order granting preliminary settlement approval and certifying a Rule 23 class for purposes of settlement administration. Dkt. No. 33.

The court will grant the motion, preliminarily approve the settlement and schedule a hearing for final approval of the settlement.

I.  **Plaintiffs' Unopposed Motion for Preliminary Approval (Dkt. No. 33)**

    A.  Legal Standard

Federal Rule of Civil Procedure 23(e) states that the claims of a class proposed to be certified for purposes of settlement may be settled only with the court's approval. The parties must provide the court with sufficient information for the court to determine whether to give notice of the proposed settlement to the class. Fed. R. Civ. P. 23(e)(1)(A). The court then determines whether it likely will be able to approve the proposal under Rule 23(e)(2) and certify the class for purposes of judgment on the proposal. Fed. R. Civ. P. 23(e)(1)(B). The parties seeking approval must file a statement identifying any agreement made in connection with the proposal. Fed. R. Civ. P. 23(e)(3).

Once the court approves the settlement, "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B).

    B.  Settlement Terms

For settlement purposes, the parties have stipulated to the certification of the following class:

> All individuals, as listed on Exhibit A, who were employed by Defendant Johnson Controls, Inc. as commissioned salespersons and subject to the transition from the Fiscal Year 2023 Sales Incentive Plan to the Fiscal Year 2024 Commission Sales Incentive Plan (the "Transition"), excluding individuals who are pursuing

claims pertaining to the Transition through separate counsel, or have settled such claims.

Dkt. Nos. 32 at 7; 32-2 at 1-2.

The parties have agreed to use a claims administrator to administer the notice, claims, payments and tax withholdings and to generate all related documents. Dkt. No. 32 at 8. They propose that within seven days of the date of this order, the defendant will provide the administrator with the most recent email and mailing addresses for each of the individuals listed in Exhibit A to the agreement. Id. They agree that within fourteen days of receiving Exhibit A, the administrator will mail and email the notice to the Rule 23 class. Id. If a mailed notice and the companion email notice are returned as undeliverable, within fourteen days of receipt of the undeliverable notice, the administrator will take steps to locate an alternative address. Id. at 9.

Any member objecting to the fairness of the agreement must file the objection with the court by the date on the notice (thirty days after distribution) and must provide the identity of all attorneys representing the objector who will appear. Id. Anyone wishing to exclude themselves from the class must submit a request no later than thirty days from the distribution of the notice. Id. at 10.

Within forty-five days of a court order approving settlement, the defendant must pay $17,500,000 to be allocated as follows: $50,000 for the contingency and ongoing cost fund; $12,053,000 for the class settlement fund; $147,000 for service payments to the class representatives ($7,000 each to the individual plaintiffs); and $5,250,000 for attorneys' fees and costs (30% of the fund). Dkt. No. 32 at 4-6. The participating members have agreed to release all claims known or unknown arising out of the implementation of the FY24 Sales Plan. Id. at 3. Payments to the plaintiffs and class members will be allocated

3

and distributed according to the payment schedule filed as Exhibit A to the motion. Id. at 11; Dkt. No. 32-1.

  C. <u>Preliminary Approval of the Settlement</u>

Under Rule 23(e), the court considers whether the settlement is "fair, adequate, reasonable and not a product of collusion." Fed. R. Civ. P. 23(e). The court considers whether:

> (A) the class representatives and class counsel have adequately represented the class;
>
> (B) the proposal was negotiated at arm's length;
>
> (C) the relief provided for the class is adequate, taking into account:
>
>> (i) the costs, risks and delay of trial and appeal;
>>
>> (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>>
>> (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
>>
>> (iv) any agreement required to be identified under Rule 23(e)(3); and
>
> (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2)(A)-(D).

    1. *Adequate Representation*

The plaintiffs have been adequately represented by the HKM Employment Attorneys and Hawks Quindel S.C., who have significant experience representing complex class and collective actions. Dkt. Nos. 34-1 at ¶8; 34-2 at ¶7.

2. *Arm's Length*

The parties have negotiated at arm's length, engaging in two sessions with a mediator (one on June 27, 2025 and one on July 16, 2025). Dkt. No. 34 at 12. They also engaged in a full-day session with a JAMS mediator, Deborah Haude, who is experienced in complex wage and hour disputes and class actions. Dkt. No. 34-2 at ¶14. As part of the mediation, the defendant provided data and information to the plaintiffs' counsel, who created and provided a damages model to the defendant. Id. at ¶13. The plaintiffs represent that before reaching an agreement in principle, the parties continued to negotiate for a week following the mediation. Id. at ¶¶20-22. The settlement agreement states that they negotiated at arm's length "to ensure that Plaintiffs and Rule 23 Class received value in fair compromise for their claims to backlog commissions arising under prior fiscal years' sales commission plans that [the defendant] cancelled when it implemented the FY24 Sales Plan." Dkt. No. 32 at 2.

3. *Relief Provided*

a. Risks, Costs and Potential Delay

The risks, costs and potential delay in this case are significant. At the time the parties reached their agreement, they had fully briefed the motion to dismiss and the defendant's position had been adopted by at least one other court. Konczak v. Johnson Controls, Inc., Case No. 24-10431, 2025 WL 824130 (E.D. Mich. Mar. 14, 2025), appeal docketed, No. 25-1257 (6th Cir. 2025). To the extent that any of the plaintiffs' claims survived the motion to dismiss, there lay ahead potential years of litigation with respect to class issues and dispositive motions. This could have resulted in a reduced recovery, or no recovery at all, by the plaintiffs or class members.

5

### b. Proposed Method of Distribution

The proposed allocation provides for a baseline award of $300 and further allocates the settlement based on the total backlog accrued and canceled by the defendant for each class member, less any subsequent bridge payments received by that person. Dkt. No. 34-1 at ¶53. The parties attached the proposed settlement allocation as Exhibit A to the agreement. Dkt. No. 32-1. The plaintiffs' counsel represents that the total class-wide damage, without offset for bridge payments, amounts to $45,726,972.10. Dkt. No. 34-1 at ¶38. If the case had moved forward, the damages would have been reduced to $31,862,721.40. Id. at ¶39. The total settlement fund constitutes 54.92% of the calculated $31,862,721.40 contract damages with the bridge payments. Id. at ¶46. Once attorneys' fees, costs, the reserve fund and service awards are deducted, the remaining fund of $12,053,000 constitutes approximately 37.65% of the total contract damages. Id. at ¶47. Each class member with damages less than $796.88 will receive a minimum payment of $300 for the release of their claims. Id. at ¶48.

The proposed notice appears to be the best option practicable for all members. The parties attached the class notice to the settlement agreement as Exhibit D. Dkt. No. 32-4. A third-party administrator will facilitate the notice and payment process. Dkt. No. 32 at 8. Notice will be sent to all last known mailing and email addresses for all class members. Id. If those notices are returned as undeliverable, the administrator will attempt to identify a proper address and resend the notice. Id. The notice defines the class; describes the options and deadlines; discloses the deductions from the fund for the payment of attorneys' fees and costs, incentive awards and the reserve fund; and includes a space for the time and date of the fairness hearing. Dkt. No. 32-4.

The notice also explains the procedure for distributing funds and calculating recoveries, the options available to putative members, the process for objecting and how to obtain additional information. Id.

### c. Attorneys' Fees

The plaintiffs' counsel represent that they accepted the case on a contingency basis and that there was a risk of no recovery. Dkt. No. 34-1 at ¶65. They represent that if a class was not certified and the claims were handled individually, counsel would be entitled to a contingent rate of 35%. Id. at ¶69. The plaintiffs' counsel has agreed to reduce the typical fee request to a recovery of 30%. Id. at ¶71. In addition, the plaintiffs' counsel has agree to include in that amount all costs and expenses (estimated to be $50,000). Id.

### d. No Other Agreements

The settlement agreement represents that it was the only agreement between the parties and that it supersedes any prior written or oral agreements. Dkt. No. 32 at 13.

### 4. *Treats Class Members Equitably Relative to Each Other*

The settlement is structured in a way that distributes the funds equitably based on the individual members' calculated backlog at the time defendant announced the change in the commission structure. Dkt. No. 34-2 at ¶45. The amounts due are offset by bridge payments made to that individual member. Id. Class members entitled to more than $796.88 will recover around 37.65% of their calculated damage. Id. at ¶43. Once the court has entered the final order and the funds have been received, the payments will be distributed within fourteen days to each class member not excluded. Dkt. No. 32 at 11.

D.  Certifying the Class under Rule 23(a)

The court considers whether it "will likely be able to . . . certify the class for purposes of judgment on the proposal." Fed. R. Civ. P. 23(3)(1)(B)(ii). Rule 23(a) contains four prerequisites for certification of the class: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). If these prerequisites are met, the court must find that at least one of the subsections of Rule 23(b) is satisfied.

1.  *Numerosity*

As to the first requirement, the purported class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "While there is no magic number that applies to every case, a forty–member class is often regarded as sufficient to meet the numerosity requirement." Mulvania v. Sheriff of Rock Island Cty., 850 F.3d 849, 859 (7th Cir. 2017). The plaintiffs represent that there are 1,784 members of the Rule 23 class, including themselves. Dkt. No. 34 at 25. Given the size and location of the named plaintiffs and class members, it would be administratively untenable to join each individual class member. Id.

2.  *Commonality*

Next, the case must present common questions of law and fact. The critical point is the "need for common conduct" towards members of the class. Suchanek v. Sturm Foods, Inc., 764 F.3d 750, 756 (7th Cir. 2014). A common question exists where the same conduct or practice by the same defendant gives rise to the same kind of claims from all class members. Id.  The question

8

is sufficient if the same evidence will suffice for each member or the issue is susceptible to generalized class-wide proof, and if the determination of the truth or falsity of the question resolves an issue that is central to the validity of the claims. Schroeder v. Progressive Paolverde Ins. Co., 146 F.4th 567, 573 (7th Cir. 2025).

The plaintiffs have satisfied the commonality requirement. Common questions exist about whether (1) the annual commission plans created a contractual relationship between the defendant members of the Rule 23 class governing the terms and conditions of their pay in exchange for work; (2) the cancelation of the accrued backlog for members of the Rule 23 class at the beginning of FY24 was a valid exercise of the defendant's discretion or constituted a breach of contract; and (3) the defendant is entitled to a partial offset of damages as a result of subsequent bridge payments made to the class. Dkt. No. 34 at 26. All plaintiffs are challenging the same conduct of the defendant: its decision to cancel the backlog for all commissioned salespersons in FY24. Id. Although the plaintiffs have raised violations of various state wage payment statutes, the core breach of contract claim and the proof required to establish such claim remain the same for all class members.

3. *Typicality*

Rule 23(a)(3)'s typicality requirement "directs the district court to focus on whether the named representatives' claims have the same essential characteristics as the claims of the class at large." Scott v. Dart, 99 F.4th 1076, 1091–92 (7th Cir. 2024). The typicality requirement is met because the claims of the named plaintiffs, who represent the class, and the claims of the class members all arise from the same allegations. The court has no reason to

9

believe that resolution will rely on particularized defenses to be asserted by a particular individual plaintiff or by smaller sub-groups of plaintiffs.

    4. *Adequacy*

  Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." Gomez v. St. Vincent Health, Inc., 649 F.3d 583, 592 (7th Cir. 2011). "This adequate representation inquiry consists of two parts: (1) the adequacy of the named plaintiffs as representatives of the proposed class's myriad members, with their differing and separate interests, and (2) the adequacy of the proposed class counsel." Id. The plaintiffs satisfy the adequacy requirement. The HKM Employment Attorneys and Hawks Quindel S.C. represent that they have significant experience representing complex class and collective actions. Dkt. Nos. 34-1 at ¶8; 34-2 at ¶7. Further, the representative plaintiffs do not appear to have any conflicting interests and have suffered the same alleged injury as other class members. The court is satisfied that representation has been adequate to date.

  E. <u>Rule 23(b)(1) Requirements</u>

  In addition to meeting class certification requirements under Rule 23(a), the proposed class must satisfy the requirements of one of the three subsections of Rule 23(b). The plaintiffs focus on Rule 23(b)(3), which allows for certification when "questions of law or fact predominate" over individual claims and a class action is superior to other methods for fair and efficient adjudication.

  The breach of contract claim includes elements that are common to the class. The plaintiffs allege that they had a valid, enforceable contract with the defendant such that the defendant would pay commissioned salespersons a commission or incentive under the commission sales incentive plan. Dkt. No. 8
10

at ¶134. The existence of that plan as to all plaintiffs is common to the class. So too is the alleged breach of that contract that allegedly occurred when the defendant rolled out the FY24 plan retroactively to the plans that had been in effect in prior years and eliminated the backlogged commissions that the plaintiffs and others had earned under the prior plan. Id. at ¶136. Damages for class members can be calculated by looking to the backlog and offsetting by the bridge payments made since the cancelation.

The class resolution is superior because, except for the claims of thirteen individuals who have filed separate litigation, the proposed class will resolve approximately 99.3% of potential claims. Dkt. No. 34 at 31. The plaintiffs represent that hundreds of the putative class members had fewer than $1,000 in damages, and that the median class member has a potential recovery around $11,000. Id. at 32. The small amount at stake for those individuals makes the class action a superior method of resolving the claims.

The court will certify the class under Rule 23(b)(3) for settlement purposes.

## II. Conclusion

The court **GRANTS** the plaintiffs' unopposed motion for preliminary approval. Dkt. No. 33.

The court **PRELIMINARILY APPROVES** the parties' settlement agreement (Dkt. No. 32) as a fair, reasonable and adequate resolution of disputed claim under Wisconsin and other state laws.

The court **PRELIMINARILY CERTIFIES** a Rule 23 class as follows:

> The Rule 23 Class. All individuals, as listed on Exhibit A, who were employed by Defendant Johnson Controls, Inc. as commissioned salespersons and subject to the transition from the Fiscal Year 2023 Commission Sales Incentive Plan to the Fiscal Year 2024 Sales Incentive Plan (the "Transition"), excluding all individuals who are

11

pursuing claims pertaining to the Transition through separate counsel, or who have settled such claims.

The court **APPOINTS** Daniel Novin, Stewart Swander, Timothy Butler, Reid Begnoche, Dustin Brown, Jeffrey Erker, Sam Klumpers, Gary Gray, Christopher Johnston, Joseph Perea, Brian Reis, Mark Zip, Patrick Mooney, David Howze, Scott McCollam, Matt Carville, Ricky Scott, Michael Migliaccio, Keith Wahl, William Roberts and Froilan Garma as class representatives for the settlement class.

The court **APPOINTS** HKM Employment Attorneys, LLP and Hawks Quindel, S.C. as class counsel.

The court **APPROVES** the parties' notice of class action settlement—attached to the settlement agreement as Exhibit D—for distribution to all putative members of the Rule 23 class. Dkt. No. 32-4. The court **APPROVES** distribution by mail and email as valid and sufficient notice.

The court **ORDERS** the defendant to provide the claims administrator with the most recent mailing and email addresses of the putative class members within seven days of this order.

The court **ORDERS** the claims administrator to mail and email the notice of class action settlement to the class members within fourteen days of receiving the most recent mailing and email addresses from the defendant.

The court **ORDERS** that any Rule 23 class member who wishes to exclude himself or herself from the parties' settlement as alleged in the amended complaint must do so by following the instructions in the notice within thirty days of mailing of the notice.

The court **ORDERS** that any Rule 23 class member who does not exclude himself or herself as directed by the notice will be bound by a final court order approving the settlement agreement.

The court **ORDERS** that any Rule 23 class member wishing to object must do so within thirty days of the mailing of the notice by following the instructions in the notice and including all documents that support his or her position.

The court **ORDERS** that class counsel must file a motion for approval of attorneys' fees and costs no later than seven business days prior to the fairness hearing.

The court **ORDERS** the parties to appear for a fairness hearing on **December 4, 2025 at 10:00 a.m.** in Courtroom 222 of the U.S. Courthouse and Federal Building, 517 E. Wisconsin Ave., Milwaukee, Wisconsin, 53202, to determine whether the court should (i) certify the settlement class; (ii) approve the settlement agreement as fair, reasonable, and adequate; (iii) approve any request for attorneys' fees and costs; and (iv) approve the named plaintiff's request for a service award.

Dated in Milwaukee, Wisconsin this 7th day of October, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**