UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DANIEL NOVIN, *et al.*,

        Plaintiffs,

  v.

JOHNSON CONTROLS, INC.,

        Defendant.

Case No. 24-cv-46-pp

**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR FINAL SETTLEMENT APPROVAL (DKT. NO. 46), GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR ATTORNEYS' FEES AND COSTS (DKT. NO. 44) AND DISMISSING CASE**

        On February 8, 2024, the plaintiffs, in their individual capacities and on behalf of a nationwide class of similarly situated salespersons employed by Johnson Controls, filed an amended complaint alleging that the defendant had altered its Commission Plan in Fiscal Year 2024 (FY24), which allegedly resulted in the cancellation of backlogged commissions, a breach of the employment agreement and the covenant of good faith and fair dealing that caused unjust enrichment. Dkt. No. 8. The plaintiffs also alleged violations of various state wage payment statutes. Id.

        In October 2025, the court preliminarily approved the parties' settlement and certified a Rule 23 class of commissioned salespersons subject to the transition from the FY23 plan to the FY24 plan. Dkt. No. 35 at 11–12. The plaintiffs since have filed an unopposed motion for settlement approval, dkt. no. 46, and an unopposed motion for approval of attorneys' fees and costs, dkt. no. 44. The court scheduled a hearing for December 4, 2025 to determine

1

whether the court should approve the settlement agreement as fair, reasonable and adequate. Id. at 13. Having conducted that hearing, the court now grants the unopposed motions for settlement approval and for attorneys' fees and costs and dismisses the case.

**I.      Unopposed Motion for Final Settlement Approval (Dkt. No. 46)**

A Rule 23 class action settlement requires judicial approval and a hearing—the court may approve it only after a hearing and on a finding that the settlement is fair, reasonable and adequate. Fed. R. Civ. P. 23(e)(2). The rule requires consideration of the following factors:

> (A) the class representative and class counsel have adequately represented the class;
> (B) the proposal was negotiated at arm's length;
> (C) the relief provided for the class is adequate, taking into account:
>    (i) the costs, risks and delay of trial and appeal;
>    (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>    (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
>    (iv) any agreement required to be identified under Rule 23(e)(3); and
> (D) the proposal treats class members equitably relative to each other.

Id. The considerations in the rule overlap with the factors articulated by the Seventh Circuit:

> (1) the strength of the case for plaintiffs on the merits, balanced against the extent of settlement offer; (2) the complexity, length, and expense of further litigation; (3) the amount of opposition to the settlement; (4) the reaction of members of the class to the settlement; (5) the opinion of competent counsel; and (6) stage of the proceedings and the amount of discovery completed.

Wong v. Accretive Health, Inc., 773 F.3d 859, 863 (7th Cir. 2014) (citations omitted); Fed. R. Civ. P. 23(e)(2).

The court preliminarily certified the following Rule 23 class:

2

> All individuals, as listed on Exhibit A [Dkt. No. 32-1], who were employed by Defendant Johnson Controls, Inc. as commissioned salespersons and subject to the transition from the Fiscal Year 2023 Commission Sales Incentive Plan to the Fiscal Year 2024 Sales Incentive Plan (the "Transition"), excluding all individuals who are pursuing claims pertaining to the Transition through separate counsel, or who have settled such claims.

Dkt. No. 35 at 11–12. The court appointed named plaintiffs Daniel Novin, Stewart Swander, Timothy Butler, Reid Begnoche, Dustin Brown, Jeffrey Erker, Sam Klumpers, Gary Gray, Christopher Johnston, Joseph Perea, Brian Reis, Mark Zip, Patrick Mooney, David Howze, Scott McCollam, Matt Carville, Ricky Scott, Michael Migliaccio, Keith Wahl, William Roberts and Froilan Garma as class representatives and HKM Employment Attorneys, LLP and Hawks Quindel, S.C. as class counsel. Id. at 12.

A. Adequacy of Representation – Rule 23(e)(2)(A)

The court appointed the named plaintiffs to serve as class representatives, and it is not aware of any conflicting interests between the named plaintiffs and the other class members. The record bears no indication that class counsel—who have extensive experience handling complex class and collective actions—have not adequately represented the class during litigation and settlement negotiations. With respect to the first factor, the court is satisfied that the class is adequately represented.

B. Arm's-Length Negotiations and Non-Collusiveness of Settlement Process – Rule 23(e)(2)(B) and the Seventh Circuit's First Factor

The Seventh Circuit has emphasized that the "most important factor relevant to the fairness of a class action settlement is the strength of plaintiff's case on the merits balanced against the amount offered in the settlement." Wong, 773 F.3d at 863. The parties have negotiated at arm's length, engaging in multiple mediations that resulted in an agreement in principle, the terms of

3

which the parties continued to negotiate for a week following the final mediation. Dkt. Nos. 34 at 12; 34-2 at ¶¶14, 20–22. The settlement agreement states that the parties had negotiated at arm's length "to ensure that Plaintiffs and Rule 23 Class received value in fair compromise for their claims to backlog commissions arising under prior fiscal years' sales commission plans that [the defendant] cancelled when it implemented the FY24 Sales Plan." Dkt. No. 32 at 2. The court is satisfied that the parties negotiated at arm's length and in good faith.

As for the strength of the plaintiffs' case balanced against the amount offered in settlement, the parties explain that given the pending motion to dismiss, there was a risk that the plaintiffs' claims would be dismissed entirely. Dkt. No. 47 at 7. That risk was more than theoretical, giving that the Eastern District of Michigan had dismissed similar claims, so a recovery of 54.92% of contract damages is a significant settlement amount. The court finds that the Seventh Circuit's first factor weighs in favor of approving the settlement as fair and adequate.

    C. <u>Adequacy of the Relief Provided by the Settlement—Rule 23(e)(2)(C) and the Seventh Circuit's Second and Sixth Factors</u>

When considering the adequacy of relief, the court considers (1) the cost, risks and delay of trial and appeal; (2) the effectiveness of the proposed method of distribution; (3) the terms of any proposed award and (4) any agreement required to be identified under Rule 23(e)(3). Fed. R. Civ. P. 23(e)(2). The Seventh Circuit looks to the complexity, length and expense of further litigation and the stage of the proceedings and the amount of discovery completed. <u>Wong</u>, 773 F.3d at 863.

The plaintiffs explain that prior to the first mediation, the defendant provided data on the money in each salesperson's backlog at the end of fiscal

4

Case 2:24-cv-00046-PP   Filed 01/08/26   Page 4 of 12   Document 54

year 2023 and any "bridge" payments made to those employees as part of the transition to the FY24 plan. Dkt. No. 34-1 at ¶¶18–19. Class counsel used that data to create a damages model that calculated the total contract damages, plus possible state law penalties for unpaid wages. Id. at ¶19. Class counsel then allocated the settlement funds based on a percentage of each class member's lost backlog. Id. at ¶53. After accounting for attorneys' fees, costs and service awards, the plaintiff states that each employee is set to receive at least 37.65% of their calculated damages and, at minimum, $300. Id. at ¶¶48–49. The plaintiffs state that the global settlement fund represents a recovery of 54.92% of the total contract damages. Dkt. No. 34 at 15.

        1.     *The Costs, Risks and Delay of Trial and Appeal—Rule 23(e)(2)(C)(i)*

The risks, costs and potential delay in recovery are significant. At the time the parties reached their agreement, the defendant's motion to dismiss the complaint was fully briefed and awaiting the court's decision. At least one other court had granted a motion to dismiss similar claims arising out of the FY24 plan. Konczak v. Johnson Controls, Inc., Case No. 24-10431, 2025 WL 824130 (E.D. Mich. Mar. 14, 2025), appeal docketed, No. 25-1257 (6th Cir. 2025). And if any of the plaintiffs' claims had survived the motion to dismiss, litigating this case to a resolution likely would have taken years. The proposed settlement avoids the risks of lengthy litigation and the possible rejection of some of the plaintiffs' claims.

        2.     *The Effectiveness of Any Proposed Method of Distributing Relief to the Class, Including the Method of Processing Class-Member Claims—Rule 23(e)(2)(C)(ii)*

The parties proposed an effective method to distribute relief to the class. The parties engaged Rust Consulting to administer the settlement. Dkt. No. 37 at ¶3. On October 20, 2025, Rust sent the notice of settlement to the 1,767

5

class members via first class mail and email. Id. at ¶¶10–11. Rust was able to locate updated addresses for twenty of the thirty notices that were returned as undeliverable. Id. at ¶12. As of December 3, 2025, Rust received five exclusions[1] and no objections, and twelve class notices remained undeliverable. Dkt. No. 48 at ¶¶5–6.

The settlement agreement also describes how the payments to class members will be processed after final approval. Within forty-five days of the court's order approving the settlement, the defendant will make a payment of $17,468,806.91, plus applicable taxes, to the settlement administrator. Dkt. No. 32 at 6, 10; Dkt. No. 52 at 1. Funds previously allocated to the individuals who opted out of the settlement will revert to the defendant. Dkt. No. 32 at 10–11. The settlement administrator then will distribute funds. Id. at 10–11. Any portion of the $50,000 currently held in reserve to address any late-arising costs or issues with administration that remains unused will be distributed proportionally across the class. Id. at 6. Any funds that remain unclaimed following the conclusion of the payout period will be paid as *cy pres* donations to the National Institute for Workers' Rights. Id. at 11.

The court concludes that the parties have proposed an effective method of distribution as demonstrated by the settlement agreement.

        3.    *The Terms of any Proposed Award of Attorney's Fees and Incentive Award, Including Timing of Payment—Rule 23(e)(2)(C)(ii)*

Class counsel has asked the court to award $5,250,000 in attorney's fees and costs, representing approximately thirty percent of the settlement fund.

---

[1] Rust received the fifth exclusion after the plaintiffs filed their motion for settlement approval. The plaintiffs submitted a supplemental brief and declaration reflecting the updated information. Dkt. Nos. 48, 49, 52.

Dkt. No. 45 at 20. The plaintiffs' counsel represent that they accepted the case on a contingency basis and that there was a risk of no recovery. Dkt. No. 34-1 at ¶65. They state that if a class was not certified and the claims were handled individually, counsel would be entitled to a contingent rate of 35%. Id. at ¶69. The plaintiffs' counsel has agreed to reduce the typical fee request to a recovery of 30%. Id. at ¶71. In addition, the plaintiffs' counsel has agreed to include in that amount all costs and expenses (estimated to be $50,000). Id.

Class counsel also asks the court to approve a $147,000 service award to be distributed among the twenty-one named plaintiffs ($7,000 per named plaintiff). Dkt. No. 47 at 12. Class counsel asserts that the service payments are fair and reasonable because the named plaintiffs worked closely with class counsel over the course of two years of litigation to provide information in support of their claims. Dkt. No. 34-1 at ¶¶59–64. The plaintiffs assert that the awards are well within the range of similar service awards approved in this district.

The settlement agreement provides that the attorney's fees (and the service award, if the court approves it) would be distributed at the same time as the payments to the class and collective members. Dkt. No. 34 at 6, 10–12.

    4.    *Any Agreement Required to Be Identified Under Rule 23(e)(3)—Rule 23(e)(2)(C)(iv)*

The settlement agreement represents that it was the only agreement between the parties and that it supersedes any prior written or oral agreements. Dkt. No. 32 at 13.

The court is satisfied that no other agreement exists.

    5.    *Conclusion*

Based on all the above factors, the court concludes that the relief is adequate.

### D. Equitable Treatment of Class Members—Rule 23(e)(2)(D)

The settlement agreement treats class members equitably relative to each other. The agreement is structured to distribute the funds based on the individual members' commission backlog at the time the defendant announced the change to the FY24 plan. Dkt. No. 34-2 at ¶45. The amounts due are offset by bridge payments made by the defendant to each individual member. Id. Class members entitled to more than $796.88 will recover around 37.65% of their calculated damage. Id. at ¶43. Once the court has entered the final order and the funds have been received, the payments will be distributed within fourteen days to each class member not excluded. Dkt. No. 32 at 11.

### E. The Amount of Opposition to the Settlement—the Seventh Circuit's Third and Fourth Factors

The court is not aware of any opposition to the settlement. The court ordered that any class member who objected to the settlement must file an objection within thirty days of the mailing of the notice. No objections have been filed. The plaintiffs state that after mailing notices to all 1,767 class members, only five class members excluded themselves from the settlement, suggesting that the class members are satisfied with the settlement. Dkt. No. 36 at ¶19.

### F. The Opinion of Competent Counsel—the Seventh Circuit's Fifth Factor

Class counsel states that the settlement is the best outcome for the class given the costs and risks of continued litigation. Dkt. No. 36 at ¶¶38–39. Given class counsel's experience in complex class and collective action litigation, class counsel's statement represents the opinion of competent counsel.

G.  Final Approval

After reviewing the agreement, hearing from counsel at the December 4, 2025 fairness hearing and considering the above factors, the court concludes that the settlement is fair, reasonable and adequate and will grant the unopposed motion for approval of settlement.

## II. Unopposed Motion for Attorney's Fees and Costs (Dkt. No. 44)

The class counsel asks the court to approve attorney's fees and costs in the total amount of $5,250,000, or thirty percent of the settlement fund. Dkt. No. 45.

Under the FLSA, plaintiff may seek reimbursement for fees and costs. 29 U.S.C. §216(b). In addition, successful litigants may seek attorney's fees and costs under Wis. Stat. §109.03(6). The Seventh Circuit urges the courts to "do their best to award counsel the market price for legal services, in light of the risk of nonpayment and the normal rate of compensation in the market at the time." In re Synthroid Mktg. Litig., 264 F.3d 712, 718 (7th Cir. 2001). Courts have the discretion to use either the percentage or the lodestar method. Florin v. Nationsbank of Georgia, N.A., 34 F.3d 560, 566 (7th Cir. 1994).

Class counsel took this case on a contingent fee basis. Dkt. No. 34-1 at ¶65. Class counsel requests that approximately thirty percent of the settlement fund be allocated to attorneys' fees and costs, which is less than the thirty-five percent originally agreed to by the plaintiffs in the contingency fee agreement. Id. at ¶71. Class counsel asserts that this is consistent with or slightly below the market rate in this district. Dkt. No. 45 at 12. Class counsel state that they regularly represent plaintiffs on employment claims on a contingent basis. Dkt. No. 36 at ¶22. Most class members will recover less than $10,000 from the settlement fund, which class counsel state represents a meaningful recovery

9

but would likely not support retaining an attorney on an hourly basis. Id. at ¶¶38–39; Dkt. No. 45 at 13. The plaintiffs argue that this economic reality is reflected by the fee awards approved in this district, which typically represent a one-third contingent fee. Dkt. No. 45 at 14 (collecting cases). The plaintiffs argue that the requested fees are reasonable in light of the market for similar work in the region, the significant risks undertaken by class counsel, class counsel's efforts on the case and the result achieved. Id. The requested fee award includes the costs incurred in this litigation, including settlement administration costs, which class counsel anticipate may exceed $39,000. Id. at 20.

Reviewing the docket and the materials submitted by class counsel, the court observes that class counsel expended a significant amount of work on this case. Class counsel state that starting in November 2023, they spoke with about eighty employees affected by the change in the commission plan about the case, potential claims and the possibility of becoming witnesses or named plaintiffs, culminating in the filing of the complaint and amended complaint in February 2024. Dkt. No. 36 at ¶¶24–25. The parties fully briefed the defendant's motion to dismiss the amended complaint and the plaintiff's motion for equitable tolling. Class counsel also expended time and effort on multiple mediations and the construction of the damages model that led to the settlement. Id. at ¶¶31–34. Class counsel took the lead in drafting the settlement agreement, motions for preliminary and final settlement approval and related documents. Id. at ¶¶4–6.

The plaintiffs also submitted declarations from attorneys familiar with the prevailing rates for employment-related class and collective action claims in the Milwaukee area. Dkt. Nos. 39–43. In each instance, these attorneys state

that class counsel's requested fee is fair and reasonable for the market. Dkt. Nos. 39 at ¶10; 40 at ¶13; 41 at ¶10; 42 at ¶8; 43 at ¶8.

Class counsel's requested attorneys' fees are reasonable based on the work and effort expended on this case and the prevailing recovery for class counsel in similar cases in this district. The court will approve the unopposed award of fees and costs and award class counsel $5,250,000 in attorneys' fees and costs.

### III. Conclusion

The court **GRANTS** the plaintiffs' unopposed motion for final approval of settlement. Dkt. No. 46. The court **APPROVES** the settlement as fair, reasonable and adequate under Rule 23(e) of the Federal Rules of Civil Procedure.

The court **APPROVES** the settlement payments to the settlement class. Per the terms of the settlement agreement, within forty-five (45) days of the date of this order, the defendant must make the settlement fund payment to the settlement administrator. Within fourteen (14) days of receiving the settlement fund, the settlement administrator must issue checks to the settlement class members who have not excluded themselves from the settlement. The settlement class members each have 120 days to cash their individual checks. The settlement administrator must provide an accounting of the unclaimed settlement funds no later than 150 days after the original mailing date. Seven (7) days after providing the accounting of unclaimed funds, the administrator shall mail a check in the amount of the unclaimed settlement funds to the National Institute for Workers' Rights.

The court **APPROVES** the requested service award in the total amount of $147,000, to be distributed among the named plaintiffs.

The court **GRANTS** the plaintiffs' unopposed motion for approval of attorneys' fees and costs. Dkt. No. 44. The court **APPROVES** the requested attorneys' fees and costs in the amount of $5,250,000.

The court **ORDERS** that this case is **DISMISSED WITH PREJUDICE**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 8th day of January, 2026.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**