UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DANIEL NOVIN, *et al.*,

        Plaintiffs,

    v.

JOHNSON CONTROLS, INC.,

        Defendant.

Case No. 24-cv-46-pp

---

FRANCESCO P. PAGANO,

        Plaintiff,

    v.

JOHNSON CONTROLS, INC.,

        Defendant.

Case No. 25-cv-423-pp

---

JEFFREY S. HALFTER,

        Plaintiff,

    v.

JOHNSON CONTROLS, INC.,

        Defendant.

Case No. 25-cv-424-pp

---

LINDA RICCITELLI,

        Plaintiff,

    v.

JOHNSON CONTROLS, INC.,

        Defendant.

Case No. 25-cv-425-pp

---

JONATHAN GREENBERG, *et al.*,

        Plaintiffs,

v.

JOHNSON CONTROLS, INC.,

        Defendant.

Case No. 25-cv-1004-pp

---

STEVEN GREEN,

        Plaintiff,

v.

JOHNSON CONTROLS, INC.,

        Defendant.

Case No. 25-cv-1064-pp

---

WILL GOODWIN,

        Plaintiff,

v.

JOHNSON CONTROLS, INC.,

        Defendant.

Case No. 25-cv-1855-bhl

---

**ORDER DETERMINING RELATEDNESS OF CASE NO. 25-CV-1855-BHL**

On December 19, 2025, Judge Brett H. Ludwig entered an order in the above-captioned cases asking this court to determine whether Goodwin v. Johnson Controls Inc., Case No. 25-cv-1855 (which has been assigned to him), is related to any of the other cases (which have been assigned to Judge Pepper). See Novin v. Johnson Controls Inc., Case No. 24-cv-46, Dkt. No. 53; Pagano v. Johnson Controls Inc., Case No. 25-cv-423, Dkt. No. 49; Halfter v. Johnson

Controls Inc., Case No. 25-cv-424, Dkt. No. 47; Riccitelli v. Johnson Controls Inc., Case No. 25-cv-425; Greenberg v. Johnson Controls Inc., Case No. 25-cv-1004, Dkt. No. 54; Green v. Johnson Controls Inc., Case No. 25-cv-1064, Dkt. No. 21.

According to Civil Local Rule 3,

> [w]henever a judge believes that a case pending before that judge is related to a lower-numbered case pending in this District, the judge may refer the case to the judge assigned to the lowest-numbered case with a request that the judge assigned to the lowest-numbered case consider whether the cases are related. . . . The judge assigned to the lowest-numbered case must then enter an order finding whether or not the cases are related, and, if they are, whether the higher numbered case or cases should be reassigned to that judge.

Civil Local Rule 3(c)(4)(A) (E.D. Wis.). Cases are considered related when they "(i) arise from substantially the same transaction or events; (ii) involve substantially the same parties or property; (iii) involve the same patent, trademark or copyright; or (iv) for other reasons would entail substantial duplication of effort or risk inconsistent or contradictory results if heard by different judges." Civil L.R. 3(b)(1). When a judge finds cases to be related, the higher-numbered case may be reassigned to the judge presiding over the lower-numbered case if

> (A) both cases are pending in this District;
> (B) the handling of both cases by the same judge is likely to result in a substantial saving of judicial resources; and
> (C) neither case has progressed to the point where reassigning a case would be likely to substantially delay the proceedings in either case, or the Court finds that the assignment of the cases to the same judge would promote consistency in resolution of the cases or otherwise be in the interest of justice.

Civil L.R. 3(c)(1).

All but one of the cited cases pending before Judge Pepper are closed. On September 26, 2025, the parties in Riccitelli filed a stipulation of dismissal with prejudice. Case No. 25-cv-425, Dkt. No. 32. On January 7, 2026, the parties in Pagano filed a stipulation of dismissal with prejudice. Case No. 25-cv-423, Dkt. No. 50. That same day, the parties in Green filed a stipulation of dismissal with prejudice. Case No. 25-cv-1064, Dkt. No. 22. The court approved a class action settlement agreement in Novin and entered judgment on January 8, 2026. Case No. 24-cv-46, Dkt. Nos. 54, 55. On January 22, 2026, the parties in Halfter filed a stipulation of dismissal with prejudice. Case No. 25-cv-424, Dkt. No. 48. There is no need for the court to determine whether Goodwin is related to these closed cases.

The remaining open case, Greenberg, has not settled and currently is stayed. Case No. 25-cv-1004, Dkt. No. 53. Greenberg and Goodwin arise from the same transaction or events. Both cases were brought by commissioned salespersons who challenge the defendant's alterations to its Commission Plan in Fiscal Year 2024 (FY24), which allegedly resulted in the cancellation of backlogged commissions, a breach of the employment agreement and a breach of the covenant of good faith and fair dealing that caused unjust enrichment. The complaints also allege violations of applicable state wage payment statutes. Greenberg and Goodwin are related.

But the court respectfully does not believe that Goodwin should be reassigned because reassignment would substantially delay the proceedings in Greenberg. On July 10, 2025, Greenberg was transferred to the Eastern

4

District of Wisconsin by Judge Gail Weilheimer of the Eastern District of Pennsylvania. Case No. 25-cv-1004, Dkt. No. 41. The scheduling order in place at the time of the transfer stated that all discovery must be completed by July 25, 2025 and that dispositive motions were due by August 29, 2025. Id., Dkt. No. 32. On August 25, 2025, the parties filed a joint motion to stay all case deadlines, stating that "the Parties had the understanding that Judge Weilheimer's January 24, 2025 Amended Scheduling Order no longer remained in effect" and advising this court that "the parties did not continue conducting discovery and have been awaiting this Court to issue a scheduling order which would allow the parties to proceed with discovery." Id., Dkt. No. 49 at ¶6. The parties did not request a stay or extension of deadlines prior to the expiration of the July 25, 2025 discovery deadline. The court granted the parties' motion to stay the only pending deadline—the dispositive motion deadline. Id., Dkt. No. 50. That deadline has remained stayed pending further order of the court. Id., Dkt. No. 53.

The court acknowledges that the parties in Greenberg apparently believed that after the case was transferred here, Judge Weilheimer's scheduling order no longer was in effect. But that was not the case. There are no federal or local rules that dissolve a pre-existing scheduling order upon transfer. The discovery deadline passed on July 25, 2025 without any party requesting an extension of that deadline. Although the parties may wish to re-open discovery, no party has made such a request to this court, and the parties' stipulation alone is insufficient to do so. To extend a discovery

deadline, the moving party must show "good cause." Federal Rule of Civil Procedure 16(b)(4). A post-deadline request for an extension also requires a showing of "excusable neglect." Flint v. City of Belvidere, 791 F.3d 764, 768 (7th Cir. 2015) (quoting Fed. R. Civ. P. 6(b)(1)(B)). Regardless of what the parties may wish, the court cannot reopen discovery without a showing that both these standards are met. As it stands, discovery is closed and the next step in Greenberg is to set a dispositive motion deadline or a trial date.

Goodwin is in a substantially different procedural posture. Goodwin was transferred to this district from the District of Colorado on November 21, 2025. Case No. 25-cv-1855, Dkt. No. 83. Two fully briefed motions are pending: a motion to dismiss the second amended complaint, id., dkt. no. 67, and a motion to stay discovery pending the outcome of the motion to dismiss, id., dkt. no. 78. The defendant states that the parties have "exchanged interrogatories and document requests, but no other discovery had taken place prior to the transfer." Id., Dkt. No. 92 at 3. Goodwin has not progressed past the pleading stage and the parties have conducted little discovery, while discovery in Greenberg is closed and the case has arrived at dispositive motions.

At a recent status conference in Goodwin, the defendant purportedly requested that Goodwin be reassigned so that "any discovery conducted in this matter [Goodwin] be coordinated with discovery in Greenberg." Case No. 25-cv-1855, Dkt. No. 94 at 2. But as the court has explained, discovery in Greenberg has closed. Unless the court grants a motion to reopen discovery upon a

6

showing of good cause and excusable neglect, there is no discovery in Greenberg with which to coordinate. It does not make sense for Greenberg to continue to sit idle while Goodwin works its way through the pleading stage and discovery, or for Goodwin to be reassigned in the hope that this court might reopen discovery in Greenberg. Greenberg was filed in June 2024, and the discovery deadline was extended twice prior to the transfer. The case needs to move forward to resolution.

For similar reasons, no judicial resources will be saved by reassigning Goodwin. There are no parallel motions pending. The cases are in different procedural postures and cannot proceed in tandem without delaying Greenberg further. Accordingly, the court will decline to reassign Goodwin because reassignment would substantially delay the proceedings in Greenberg and would not save judicial resources.

The court **DETERMINES** that Greenberg, Case No. 25-cv-1004, and Goodwin, Case No. 25-cv-1855, are related, but **DECLINES** to order reassignment of Goodwin.

The court will issue a separate order setting a deadline for the parties in Greenberg to file a status report.

Dated in Milwaukee, Wisconsin this 3rd day of February, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**